IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNARD BYRD CORNWELL,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:17-CV-2640-DMC<br><br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff, who is proceeding pro se, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties (ECF Nos. 13 and 19), this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are the parties' briefs on the merits (ECF Nos. 21 and 24).

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole,

including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the Commissioner's final decision is affirmed.

## I. THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f). The sequential evaluation proceeds as follows:

Step 1   Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

Step 2   If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;

Step 3   If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted;

/ / /

/ / /

| | | |
|---|---|---|
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

## II. THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on April 10, 2014. See CAR 20.[1] In the application, plaintiff claims disability began on January 1, 1996. See id. Plaintiff alleges disability due to schizophrenia, paranoia, depression, and ulcerative colitis. See id. at 175. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on May 31, 2016, before Administrative Law Judge (ALJ) Sara A. Gillis. See id. at 20. Plaintiff was represented by non-attorney representative, Mario A. Davila. See id. In an August 18, 2016, decision, the ALJ concluded plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): schizoaffective disorder, depressive disorder, anxiety disorder, and post-traumatic stress disorder (PTSD);

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: claimant can perform the full range of work at all exertional level but with non-exertional limitations, he can understand, remember, and carry out simple and detailed job instructions but no complex instructions, he can maintain concentration, persistence, or pace for simple and detailed job tasks, he can interact with coworkers and supervisors but cannot engage in team-type work assignments with coworkers, he must avoid working with the public;

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

See id. at 22-29.

After the Appeals Council declined review on November 17, 2017, this appeal followed.

/ / /

/ / /

/ / /

/ / /

---

[1] Citations are the to the Certified Administrative Record (CAR) lodged on January 16, 2019 (ECF No. 16).

4

## III. DISCUSSION

Plaintiff's pro se brief consists of a three-page single-spaced type-written document. See ECF No. 21. Plaintiff appears to raise six issues. First, plaintiff states: "The first, and main issue is whether I am a drug abuser, which I can say adamantly no." Id. at 1. Second, plaintiff contends: "Looking up the laws as to why a person would receive SSI is whether they could still do the work they had done in the past, the answer is no because I have never had a job, except in 1996 for one day." Id. Third, plaintiff addresses whether he can do other jobs:

> . . .Secondly can he be retrained in a different job or benefit from vocational training. I am 50, no job training, never completed the 10th grade.

Id.

Fourth, plaintiff argues that he should be considered "automatically" disabled according to the "SSI Blue Book." Id. at 2. Fifth, plaintiff takes issue with the ALJ's reliance on Dr. Soliman's opinion. See id. Finally, plaintiff claims he did not receive adequate representation from his hearing-level counsel. See id. at 2-3.

At the outset, a review of the ALJ's hearing decision indicates that drug abuse was not a factor the ALJ either discussed or considered. Contrary to plaintiff's contention that this is the "main issue," the court finds drug abuse to be legally a non-issue. The court will instead focus on the following issues: (1) applicability of the "SSI Blue Book," to the extent it refers to the Listing of Impairments; (2) evaluation of the medical evidence; (3) the ALJ's vocational findings; and (4) plaintiff's representation before the agency.

### A. Listing of Impairments

The Social Security Regulations "Listing of Impairments" is comprised of impairments to fifteen categories of body systems that are severe enough to preclude a person from performing gainful activity. Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). Conditions described in the listings are considered so severe that they are presumed disabling. 20 C.F.R. § 404.1520(d). In meeting or equaling a listing,

///

all the requirements of that listing must be met.  Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir. 1985).

At Step 3, the ALJ concluded plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment outlined in the Listing of Impairments.  See CAR 23-25.  In particular, the ALJ considered plaintiff's mental impairments in the context of Listings 12.03, 12.04, and 12.06.  See id.  The ALJ stated:

> The severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of Listings 12.03, 12.04, and 12.06.  In making this finding, the undersigned has considered whether the "paragraph B" criteria are satisfied.  To satisfy the "paragraph B" criteria, the mental impairments must result in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration.  A marked limitation means more than moderate but less than extreme.  Repeated episodes of decompensation, each of extended duration, means three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks.

Id. at 23.

The ALJ found plaintiff has mild restrictions in activities of daily living, moderate difficulties in social functioning, moderate difficulties in concentration, persistence, and pace, and no episodes of decompensation.  See id. at 23-25.

Plaintiff does not present any specific reason why he believes the ALJ's conclusion at Step 3 is in error.  He merely states his belief that his impairments automatically qualify him for benefits under the "SSI Blue Book."  The Court has reviewed the ALJ's specific findings, and the evidence of record cited in support thereof, and finds no error.  As to daily living, the ALJ noted plaintiff's ability to cook, clean, shop, run errands, care for his personal hygiene, and manage financial matters, and concluded these abilities "reflect a level of independence indicative of no more than mild restrictions in this area of functioning." Id. at 23.  The ALJ relied on the psychiatric consultative examining doctor's opinion that the objective findings do not suggest marked or extreme limitations in social functioning or concentration, persistence, or pace.  See id. at 24 (citing Exhibit 6F).  Finally, the ALJ found there was no evidence of episodes of decompensation.  See id.

Because the evidence does not establish any listing-level mental impairment, the ALJ did not err at Step 3.

**B.     Medical Opinions**

"The ALJ must consider all medical opinion evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)). The ALJ errs by not explicitly rejecting a medical opinion. See Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). The ALJ also errs by failing to set forth sufficient reasons for crediting one medical opinion over another. See id.

Under the regulations, only "licensed physicians and certain qualified specialists" are considered acceptable medical sources. 20 C.F.R. § 404.1513(a); see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). Where the acceptable medical source opinion is based on an examination, the ". . . physician's opinion alone constitutes substantial evidence, because it rests on his own independent examination of the claimant." Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The opinions of non-examining professionals may also constitute substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Social workers are not considered an acceptable medical source. See Turner v. Comm'r of Soc. Sec. Admin., 613 F.3d 1217, 1223-24 (9th Cir. 2010). Nurse practitioners and physician assistants also are not acceptable medical sources. See Dale v. Colvin, 823 F.3d 941, 943 (9th Cir. 2016). Opinions from "other sources" such as nurse practitioners, physician assistants, and social workers may be discounted provided the ALJ provides reasons germane to each source for doing so. See Popa v. Berryhill, 872 F.3d 901, 906 (9th Cir. 2017), but see Revels v. Berryhill, 874 F.3d 648, 655 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(f)(1) and describing circumstance when opinions from "other sources" may be considered acceptable medical opinions).

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than

the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

///

///

///

At Step 4, the ALJ evaluated the medical opinion evidence in determining plaintiff retains the residual functional capacity to perform a full range of work at all exertional levels with some non-exertional limitations. See CAR 25-27. In particular, the ALJ gave "significant weight" to the opinion of Mounir Soliman, M.D. Id. The ALJ also gave "significant weight" to the opinion of the state agency non-examining psychological reviewing doctors. Id. These doctors concluded that plaintiff is able to understand, carry out, and remember simple and complex instructions, interact with coworkers, supervisors, and the general public, and withstand the stress and pressures of an eight-hour workday. See id. (citing Exhibits 6F, 2A, and 4A). The record contains no other opinions relating to mental impairments.[2]

According to plaintiff:

> The only doctor, Dr. Mounir [S]oliman, says that I am not [], that I am within the age group, physically and emotionally healthy enough to get a job. Why would 8 doctors say different? This doctor is one that your administration sent me to to [sic] be evaluated. Yet, the other doctors have nothing to gain either way if given SSI, yet your representative you sent me to does, because he works for the Social Security Administration. He claims on pages 3-9 of exhibit no. 6F that I was asked a series of questions to determine my competency, understanding of simple tasks such as comparing an apple to an orange, what would he do if he found a letter, and on. . . .

CAR 21, pg. 2.

Plaintiff does not name any of the "8 doctors" he claims rendered opinions contrary to those expressed by Dr. Soliman.

A review of the record reveals that the only doctors who rendered opinions relating to plaintiff's mental impairments and limitations were Dr. Soliman and the agency reviewing doctors. The ALJ accepted these opinions. Contrary to plaintiff's suggestion that there are eight doctors who rendered contrary opinions, the record does not contain any opinions relating to mental limitations other than those the ALJ accepted.

/ / /

/ / /

---

[2] While the record does contain medical opinion evidence relating to plaintiff's physical condition, plaintiff alleges disability due to mental impairments. For this reason, the ALJ did not discuss this evidence and such evidence is not relevant here.

9

### C. **Vocational Findings**

Plaintiff appears to raise a number of issues concerning the ALJ's vocational findings at Step 5. Plaintiff contends:

> Looking up the laws as to why a person would receive SSI is whether they could still do the work they had done in the past, the answer is no because I have never had a job, except in 1996 for one day.

CAR 21, pg. 1.

and:

> . . .Secondly can he be retrained in a different job or benefit from vocational training. I am 50, no job training, never completed the 10th grade.

Id.

Plaintiff's first contention is of no moment because the ALJ did not base her decision at Step 5 on an ability to perform past relevant work. As to plaintiff's ability to perform other work, the ALJ obtained testimony from a vocational expert and concluded that plaintiff's residual functional capacity allows him to perform representative occupations such as kitchen helper, warehouse laborer, and machine laborer. See CAR 29. The ALJ also relied on vocational expert testimony establishing that plaintiff's age, education, and work experience allowed for a successful adjustment to these jobs. See id. Plaintiff has not identified any evidence of record that undermines the ALJ's vocational findings.

### D. **Plaintiff's Representation**

Plaintiff suggests he did not have adequate representation at the agency level. Plaintiff does not, however, elaborate on this contention or supply any evidence to support it. The record reflects that plaintiff was represented by a non-attorney disability advocate. See CAR 20. There is nothing in the records, including the transcript of the administrative hearing, to suggest ineffective or prejudicial representation.

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 21) is denied;
2. Defendant's motion for summary judgment (ECF No. 24) is granted;
3. The Commissioner's final decision is affirmed; and
4. The Clerk of the Court is directed to enter judgment and close this file.

Dated: February 24, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE